UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LISA ALLISON, PATTI MILLS, HEATHER DOYLE, VICKI HOWELL, MICHELLE FRODYMA, and LORIANN DARMSTADT,<br><br>Plaintiffs,<br><br>v.<br><br>BOARD OF EDUCATION OF THE PLAINFIELD COMMUNITY CONSOLIDATED SCHOOL DISTRICT NO. 202; STUART BLEDSOE, MICHAEL KELLY, DAVE OBRUZT, ERIC GALLT, ROGER BONUCHI, MICHELLE SMITH, and ROD WESTFALL,<br><br>Defendants. | No. 10 C 7046<br><br>Judge George M. Marovich |

**MEMORANDUM OPINION AND ORDER**

After losing their jobs as Campus Monitors at various public schools, plaintiffs Lisa Allison ("Allison"), Patti Mills ("Mills"), Heather Doyle ("Doyle"), Vicki Howell ("Howell"), Michelle Frodyma ("Frodyma") and Loriann Darmstadt ("Darmstadt") filed suit against defendant Board of Education of the Plainfield Community Consolidated School District No. 202 (the "Board") and the Board's members, Stuart Bledsoe ("Bledsoe"), Michael Kelly ("Kelly"), Dave Obruzt ("Obruzt"), Eric Gallt ("Gallt"), Roger Bonuchi ("Bonuchi"), Michelle Smith ("Smith") and Rod Westfall ("Westfall"). Plaintiffs bring suit under § 1983 for violations of the Equal Protection Clause of the Constitution and for violations of their procedural due process rights. Defendants move to dismiss. For the reasons set forth below, the Court grants in part and denies in part defendants' motion.

**I.     Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in plaintiffs' complaint and also considers the documents attached to and referenced in the complaint. Fed.R.Civ.P. 10(c).

The six plaintiffs, each of whom is female, worked as Campus Monitors at the Plainfield School District for various periods of time until June 2010. In April 2010, the Board informed these plaintiffs that their employment would end as part of a reduction in force, even though each plaintiff performed her job satisfactorily. Plaintiffs allege that the male Campus Monitors were retained and that their sex was the reason for their termination. In Counts I (against the Board) and II (against the individual defendants), plaintiffs allege that defendants violated the Equal Protection Clause by discharging them on the basis of their sex.

Plaintiffs also allege that they were members of the Plainfield Association of Support Staff ("PASS") and parties to a collective bargaining agreement between PASS and the Board. In Counts III (against the Board) and IV (against the individual defendants), plaintiffs allege that they were denied their property interest in their Campus Monitor positions without due process of law.

Defendants move to dismiss.

## II. **Standard on a motion to dismiss**

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003).

Under the notice-pleading requirements of the Federal Rules of Civil Procedure, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Bell Atlantic*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombly*, 127 S.Ct. at 1965. "After *Bell Atlantic*, it is no longer sufficient for a complaint 'to *avoid foreclosing* possible bases for relief; it must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (quoting *Equal Employment Opportunity Comm'n v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Allegations that are as consistent with lawful conduct as they are with unlawful conduct are not sufficient; rather, plaintiffs must include allegations that "nudg[e] their claims across the line from conceivable to plausible." *Bell Atlantic*, 127 S.Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

### III. Discussion

#### A. Absolute immunity affirmative defense

Defendants argue that Counts II and IV against the individual Board members should be dismissed, because the members are entitled to absolute immunity for their legislative actions. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998) ("Local legislators are entitled to absolute immunity from § 1983 liability for their legislative activities."). Absolute immunity, of course, is an affirmative defense. *Cooney v. Casady*, 652 F. Supp.2d 948, 955 (N.D. Ill. 2009). A plaintiff need not anticipate and plead around an affirmative defense. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

The Court will consider whether plaintiffs have alleged facts that would establish that the Board members are absolutely immune. Whether the Board members were engaged in legislative action (for which they are immune) or administrative action (for which they are not immune) when they "participated in the Board's decision to terminate Plaintiffs' respective employment" depends on the nature of the action, not on the motive of the official performing the action. *Bogan*, 523 U.S. at 54. There, the Supreme Court concluded that the "acts of voting for an ordinance [that eliminated the plaintiff's position] were, in form, quintessentially legislative." *Bogan*, 523 U.S. at 55. Although employment-related decisions are often administrative actions, they are not administrative "when accomplished through traditional legislative functions." *Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir. 1988).

In this case, plaintiffs have alleged no facts from which the Court can determine whether the Board members used legislative action or administrative action when they participated in the decision to terminate plaintiffs' employment. Accordingly, the plaintiffs have not alleged the ingredients of the absolute immunity affirmative defense. Although defendants may (or may

not) prevail on this issue at a later stage, they do not prevail at this stage. The Court denies this portion of defendants' motion to dismiss.

### B. Plaintiffs' procedural due process claim

In Counts III and IV, plaintiffs assert that the Board and the individual defendants, respectively, violated their rights to procedural due process. Specifically, plaintiffs allege that they have a property right to their job by virtue of the collective bargaining agreement between the Plainfield Association of Support Staff and the defendant Board. Defendants move to dismiss on the grounds that plaintiffs fail to state a claim upon which relief can be granted.

In order to state a claim for violation of procedural due process rights, plaintiffs must allege that: 1) they had a property interest in their continued employment; and 2) they were deprived of this interest without due process of law. *Krieg v. Seybold*, 481 F.3d 512, 519 (7th Cir. 2007).

A property interest in employment is created in one of two ways: "1) by an independent source such as a state law securing certain benefits; or 2) by a clearly implied promise of continued employment." *Palka v. Shelton*, 623 F.3d 447, 452 (7th Cir. 2010). There, the Seventh Circuit explained:

> Due-process claims in the context of public employment require an entitlement to continued employment; more specifically, the plaintiff must have 'a legitimate claim of entitlement not to lose a valuable governmental benefit except for cause.'

*Palka*, 623 F.3d at 452 (internal citations omitted); *see also Krieg v. Seybold*, 481 F.3d 512, 520 (7th Cir. 2007) ("Because there is no clause [in the collective bargaining agreement] stating that employees may be discharged only for just cause, [plaintiff] was an at-will employee who did not have a property right in his job."). If a plaintiff alleges that the property right arises out of a
-5-

collective bargaining agreement, the plaintiff must "identify the specific terms of the agreement that contained a promise of continued employment." *Palka*, 623 F.3d at 452.

In this case, plaintiffs allege that the property right arises out of a collective bargaining agreement clause that requires reductions in force to be handled by seniority. The relevant reduction-in-force provision states, in relevant part:

> From time to time the Board may determine it is in the best interest of the District to reduce the number of employees or to discontinue a particular ESP service.
>
> *   *   *
>
> The employee(s) with the shorter length of seniority within his/her respective category (as defined below) shall be dismissed first provided, the more senior employee is qualified, as defined by the job description, to assume the position vacated by the less senior employee.

(CBA at 16). Plaintiffs argue that defendants failed to follow this provision, because it chose employees for layoff by sex, rather than by seniority.

The Court fails to see how this provision creates a property interest in continued employment. Nothing in the clause suggests that plaintiffs could be discharged only for cause. To the contrary, the provision specifically allows reductions in force. Thus, the provision does not create a property interest in continued employment. As plaintiffs point out, the defendants may have breached the provision if they failed, as plaintiffs allege, to dismiss first the employees with the least seniority. A breach of a collective bargaining agreement, however, is not a constitutional violation.

Because plaintiffs have failed to allege a property interest in continued employment, they have failed to state a claim for violation of their procedural due process rights. Thus, the Court dismisses without prejudice Counts III and IV.

## IV. Conclusion

For the reasons set forth above, the Court grants in part and denies in part defendants' motion to dismiss. Counts III and IV are dismissed without prejudice.

ENTER:

_George M. Marovich_
George M. Marovich
United States District Judge

DATED: June 7, 2011